█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGER ANDREWS, Appellant. [782 NYS2d 260]—

Judgment, Supreme Court, New York County (Arlene R. Silverman, J.), rendered August 12, 2003, convicting defendant, upon his plea of guilty, of robbery in the first and second degrees and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of eight years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record establishes that the police had, at the very least, reasonable suspicion upon which to stop and detain defendant on the basis of a description that was sufficiently specific given the closeness of the spatial and temporal factors (*see e.g. People v Torres*, 262 AD2d 161 [1999], *lv denied* 94 NY2d 867 [1999]; *People v Plato*, 247 AD2d 317 [1998], *lv denied* 91 NY2d 976 [1998]). The police had a report of a robbery that had just transpired, in which the perpetrator was described as a five-foot, 10-inch black male wearing a black top, black pants and glasses and walking eastward from 118th Street on Lexington Avenue. Minutes later, the police observed defendant, who matched the description, walking eastward on 117th Street toward Second Avenue. In addition, as the police approached, defendant hid behind a parked car, causing its alarm to sound. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ.